# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: April 20, 2018

```
*   *   *   *   *   *   *   *   *   *   *   *   *
RICHARD  KRISTOPHER  YOUNG  and    *
CHRISTINA YOUNG, Parents of K.L.Y., *        UNPUBLISHED
a Minor,                            *
              Petitioners,          *        Chief Special Master Dorsey
                                    *
v.                                  *        No. 05-0207V
                                    *
SECRETARY OF HEALTH                 *        Attorneys' Fees and Costs; Autism;
AND HUMAN SERVICES,                 *        Duplicative Work; Vague Entries;
                                    *        Unnecessary Travel
              Respondent.           *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

Clifford John Shoemaker, Shoemaker and Associates, Vienna, VA, for petitioner.
Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

      On February 10, 2005, Richard Kristopher Young and Christina Young ("petitioners") filed a petitioner for compensation under the National Vaccine Injury Compensation Program[2] ("the Program"), as the parents of K.L.Y., a minor child.  Petitioners elected to file a "Short-Form Autism Petition,[3] and the case was included in the Omnibus Autism Proceeding.  On

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012).  **This means the Decision will be available to anyone with access to the internet.**  As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may objection to the published Decision's inclusion of certain kinds of confidential information.  Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the whole decision will be available to the public in its current form.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

[3] By electing to file a Short-Form Autism Petition for Vaccine Compensation, petitioner, who was then represented by counsel, alleged that:

August 15, 2011, petitioners filed an amended petition asserting K.L.Y. developed encephalopathy as a direct result of the measles, mumps, and rubella vaccine he received on August 8, 2002.  Amended Petition at ¶¶ 8, 15 (ECF No. 47).

On June 18, 2014, petitioners filed a motion asking to be included in the J.M. et al. (02-10V) omnibus case and status report indicating they agreed to be bound by the omnibus ruling. (ECF No. 76).  The undersigned issued a decision dismissing both J.M. et al. and this case on August 31, 2017.  J.M. et al. v. Sec'y of Health & Human Servs., 02-10V, 2017 WL 7409771 (Fed. Cl. Spec. Mstr. Aug. 31, 2017).

On October 11, 2017, petitioners filed a motion for attorneys' fees and costs.  Petitioners' Application ("Pet. App.") (ECF No. 109).  Petitioners request $34,713.18 in attorneys' fees, $902.65 in attorneys' costs, and $7.00 in petitioners' costs.  Id. at 1.[4]  Thus, petitioners request a total of $35,622.83 in fees and costs.

On December 13, 2017, respondent filed a response indicating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. App. ("Res. Response") at 2 (citing § 15(e)(1)(A)-(B)) (ECF No. 110).  "Respondent respectfully recommends the Chief Special Master exercise her discretion and determine a reasonable award of attorneys' fees and costs."  Id. at 3.

**For the reasons discussed below, the undersigned GRANTS petitioners' motion and AWARDS $32,804.39 in attorneys' fees and costs and $7.00 in petitioners' costs.**

---

[a]s a direct result of one or more vaccinations covered under the National Vaccine Injury Compensation Program, the vaccine in question has developed a neurodevelopmental disorder, consisting of an Autism Spectrum Disorder or a similar disorder. This disorder was caused by a measles-mumps-rubella (MMR) vaccination; by the "thimerosal" ingredient in certain Diphtheria-Tetanus-Pertussis (DTP), Diphtheria-Tetanus-acellular Pertussis (DTaP), Hepatitis B, and Hemophilus Influenza Type B (HIB) vaccinations; or by some combination of the two.

Autism General Order #1, filed July 3, 2002, Exhibit A, Master Autism Petition for Vaccine Compensation at 2 which can be found on the court's website at http://www.uscfc.uscourts.gov/sites/default/files/autism/Autism+General+Order1.pdf.

The OAP was "a general inquiry by the Office of Special Masters ("OSM") regarding the possible causal relationship between certain vaccinations . . . and autistic spectrum disorders or similar neurodevelopmental disorders.").  See Notice, issued Mar. 7, 2005.

[4] Petitioners' counsel, Mr. Shoemaker, filed the motion and billing records, without pagination, as one document.  The undersigned will use the page numbers generated by CM/ECF to identify particular entries.

## I.      Discussion

Under the Vaccine Act, a special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." §15(e)(3).  Respondent has not objected to petitioners' application for fees and costs on the basis of a lack of good faith or reasonable basis.  The undersigned finds that petitioners brought their petition in good faith and with a reasonable basis, and therefore will award reasonable attorneys' fees and costs.

### a.   Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson, 24 Cl. Ct. 482, 484, (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i.  Hourly Rates

Petitioners seek attorneys' fees based upon the following hourly rates:

| Attorney | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 |
|---|---|---|---|---|---|---|---|
| Shoemaker | $288 | $299 | $310 | $324.26 | $336.58 | | $336.58 |
| Gentry | $270 | | | | | | |
| Knickelbein | $225 | | $261 | $271 | $281 | $291 | $302 |
| G. Shoemaker | | | | | $110 | | |

| Attorney | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|
| Shoemaker | $372 | $385 | $400 | $415 | $430 | $440 |
| Gentry | | $361 | | | | |
| Knickelbein | $313 | $325 | $337 | $350 | $365 | $378 |

In late 2016, Special Master Corcoran determined the attorneys at Mr. Shoemaker's law firm were entitled to attorneys' fees based on hourly forum rates.  See Jaffri v. Sec'y of Health & Human Servs., No. 13-484V, 2016 WL 7319407, at *6 (Fed. Cl. Spec. Mstr. Sept. 30, 2016) (finding the Davis exception set forth in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) did not apply).  He awarded attorneys' fees based upon rates which fit within the forum rate ranges set forth in in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Jaffri, 2016 WL 7319407, at *4.

The undersigned has also awarded fees for work performed by the attorneys at Mr. Shoemaker's law firm based upon forum rates.  See Prokopeas v. Sec'y of Health & Human Servs., No. 14-1717V, 2017 WL 6763067, at *4 (Fed. Cl. Spec. Mstr. Dec. 5, 2017); Miller v. Sec'y of Health & Human Servs., No. 13-914V, 2016 WL 2586700, at *7 (Fed. Cl. Spec. Mstr. April 12, 2016).  As noted in Prokopeas, these rates conform to the forum rate ranges set forth in Office of Special Masters' 2015-2017 Fee Schedules[5] which are based upon the standards set forth in McCulloch.  Prokopeas, 2017 WL 6763067, at *3 n.8.  The undersigned finds petitioner is entitled to attorneys' fees based upon forum rates in this case.

With a few exceptions, petitioner seeks attorneys' fees based upon hourly rates which have been previously awarded by the undersigned and other special masters.[6]  Petitioner has

---

[5] The 2015-2016 Hourly Rate Fee Schedule can be accessed at: www.uscfc.uscourts.gov/sites/.../Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

[6] See Prokopeas, 2017 WL 6763067, at *5; Cunningham v. Sec'y of Health & Human Servs., No. 13-483V, 2017 WL 4323145, at *3-4 (Fed. Cl. Spec. Mstr. Sept. 1, 2017); Hooker v. Sec'y of Health & Human Servs., No. 02-472V, 2017 WL 3033940, at *26 (Fed. Cl. Apr. 11, 2017);

deviated from these rates in the following instances:

1. Ms. Knickelbein's 2011 rate: $302 requested, $300 previously awarded;
2. Ms. Knickelbein's 2012 rate: $313 requested, $300 previously awarded; and
3. Ms. Knickelbein's 2014 rate: $337 requested, $325 previously awarded.

See Prokopeas, 2017 WL 6763067, at *5; Hooker, 2017 WL 3033940, at *26.  Petitioner has provided no reason why the undersigned should award attorneys' fees at these increased rates. The undersigned finds the rates previously awarded to be reasonable.

Attorneys' fees are awarded based upon the following rates:

| Attorney | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 |
|---|---|---|---|---|---|---|---|
| Shoemaker | $288 | $299 | $310 | $324.26 | $336.58 | | $336.58 |
| Gentry | $270 | | | | | | |
| Knickelbein | $225 | | $261 | $271 | $281 | $291 | *$300* |
| G. Shoemaker | | | | | $110 | | |

| Attorney | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|
| Shoemaker | $372 | $385 | $400 | $415 | $430 | $440 |
| Gentry | | $361 | | | | |
| Knickelbein | *$300* | $325 | *$325* | $350 | $365 | $378 |

These decreased rates result in a deduction of $138.40.

Additionally, the billing records show that the wrong attorney rate was applied in one instance.  The hourly rate of $325 was used to calculate the fees for .1 hours of time expended by Mr. Shoemaker in 2013.  Pet. App. at 8 (4/23/2013).  Mr. Shoemaker's hourly rate for 2013 is $385.  This mistake results in an increase of $6.00.

Finally, petitioners have included .6 hours of time billed for "GAS" at a rate of $110. The undersigned surmises this is Gretchen Shoemaker who acts as secretary for the firm. Secretarial work is not compensated under the Program.  See Rochester v. U.S., 18 Cl. Ct. 379, 387 (1989) (secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."); Dingle v. Sec'y of Health & Human Servs., No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014) ("[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program.").  However, in this instance, Ms. Shoemaker is performing work related to the collection of medical records.  Additionally, as discussed below, the undersigned is reducing the fee amount by an additional 5 percent.  Thus, the undersigned will not deduct for this entry.

---

Mikkelson v. Sec'y of Health & Human Servs., No. 15-867V, 2016 WL 6803786, at*4 (Fed. Cl. Spec. Mstr. Oct. 3, 2016); Jaffri, 2016 WL 7319407, at *6-7; Boylston v. Sec'y of Health & Human Servs., No. 11-117V, 2016 WL 3080574, at *3-4 (Fed. Cl. Spec. Mstr. May 10, 2016); Miller, 2016 WL 2586700, at *8.

**All hourly rate adjustments result in a deduction of $132.40.**

## ii. Reduction of Billable Hours

In addition to these rate adjustments, the undersigned finds a reduction in the number of hours billed by Mr. Shoemaker is appropriate for several reasons. Mr. Shoemaker billed time for unnecessary travel that was not related to the hearings in March and May 2016. Additionally, many of the entries in the billing records submitted are vague and reflect an excessive number of communications, both intra-office and with the other attorneys involved in the omnibus proceeding.

For these reasons, each of which are explained in further detail below, the undersigned reduces the number of billable hours by 2.5 hours of time spent on unnecessary travel and by 5 percent[7] to account for vague billing and excessive communications. **These reductions result in a further deduction of $2,679.04.**

## 1. Fees Related to Unnecessary Travel

Mr. Shoemaker billed 2.5 hours of time spent traveling to Chicago, Illinois in May 2014.[8] Pet. App. at 10 (entry dated 5/25/2014). This travel was unrelated to travel for the hearings held in March and May 2016, and the billing records indicate the purpose of the travel was for a "meeting of omnibus lawyers." Id. Petitioners have not provided any explanation as to why it was necessary for such a meeting to take place in person, rather than over the phone. Indeed, the billing records in this case otherwise reflect that counsel communicated over the phone at length with co-counsel and experts. The undersigned thus finds the time billed by Mr. Shoemaker for travel to Chicago, Illinois in May 2014, to be unreasonable and excessive.

## 2. Vague Billing and Excessive Communication

The undersigned also finds that the number of hours billed should be reduced for vague billing and for the excessive number of hours billed by Mr. Shoemaker to communicate with

---

[7] This 5 percent reduction was calculated after petitioners' hourly rates were adjusted and the 2.5 hours of travel time was subtracted.

Furthermore, the undersigned is aware that "percentage reductions [of fee awards] are subject to heightened scrutiny." Raymo v. Sec'y of Health & Human Servs., 129 Fed. Cl. at 702 (citing Guerrero v. Sec'y of Health & Human Servs., 120 Fed. Cl. 474, 481-82 (2015) (quoting International Rectifier Corp. v. Samsung Electrics Co., 424 F.3d 1235, 1239 (Fed. Cir. 2005))). In this case, the undersigned has provided a "concise but clear explanation as to why the fee reduction is justified" as required. Id. (internal citations omitted).

[8] Mr. Shoemaker also travel to Baltimore, Maryland in July 2014. Pet. App. at 11. It appears, however, that he included only one-half of the time spent in the meeting and not the time spent traveling to the meeting. Id. (entry dated 7/27/2014).

attorneys at his law firm and other attorneys involved in the omnibus proceedings.[9]  For example, the billing records include entries from July 22, 2015 through May 12, 2016, all but one of which are described as "Review order."  See Pet. App. at 12-13.  Other entries indicated only "Email to Sabrina" or "Email from Sabrina."  See id. at 10 (first entry dated 5/22/2014).  Thus, it is difficult to understand the actual work Mr. Shoemaker performed and how it was relevant to petitioner's case.  Petitioners have not provided information explaining why such vague billing entries are otherwise reasonable or necessary.

The undersigned has previously decreased an award of attorneys' fees for vagueness.[10]  Other special masters as well as the undersigned have reduced fee awards for excessive  and duplicative intra-office communication.[11]  Additionally, the undersigned has previously reduced a petitioner's fee application when counsel bills for meetings between each other, as such billing is excessive and duplicative.[12]  Petitioners have not provided a sufficient explanation of why it was necessary for Mr. Shoemaker to spend this amount of time.

An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009).  Petitioners bear the burden of documenting the fees and costs claimed.  Id.

---

[9] Out of the almost 200 entries contained in the billing records for Mr. Shoemaker's work, approximately 90 of the entries met this criteria.  This time was also billed in Ms. Knickelbein's time and in billing records from the other attorneys with whom Mr. Shoemaker communicated.

[10] Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *8 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Barry v. Sec'y of Health & Human Servs., No. 12-39V, 2016 WL 6835542, at *8 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries).

[11] See Lord v. Sec'y of Health & Human Servs., No. 12-255V, 2016 WL 3960445, at *7 (Fed. Cl. Spec. Mstr. June 13, 2016); Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016  WL 447770, at *4 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL  659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where  seven attorneys at CHCC billed for  attending conferences and drafting memoranda about the  case); Soto v. Sec'y of Health &  Human Servs., No. 09-897V, 2011 WL 2269423, at *6-8 (Fed. Cl. Spec. Mstr. June 7, 2011)  (Special Master Millman reduced CHCC's fees for intra-office  communications and meetings);  Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced  fees when two attorneys at  the Law Offices of Dale K. Galipo billed for the same meetings with  a client).

[12] Bondi v. Sec'y of Health & Human Servs., No. 12-476V, 2017 WL 1046526 (Fed. Cl. Spec. Mstr. Feb. 23, 2017) (reducing counsel's invoice for three law firm partners each billing time for case meetings and emails with each other).

at *8.  Taken as a whole, Mr. Shoemaker's billing entries were so vague that the undersigned could not understand much of the actual work that he performed and its relevance to the case.

### b.  Attorneys' and Petitioners' Costs

Petitioners request $7.00 in out-of-pocket costs and $902.65 in attorneys' costs.  Pet. App. at 1.  Like attorneys' fees, attorneys' costs must also be reasonable.  Sabella, 86 Fed. Cl. at 206.  Petitioners seek only the costs expended to obtain, copy, and mail medical records and to pay the court's filing fee.  Pet. App. at 3-13 and 25-40.  Petitioners did not include any of the costs associated with Mr. Shoemaker's travel to Chicago in May 2015.  Thus, the undersigned finds all costs sought to be reasonable and reimburses them in full.

### II.    Conclusion

For the reasons set forth above, the undersigned finds that petitioners are entitled to an award of attorneys' fees and costs.  The amount of the award is computed as follows:

| | |
|---|---|
| **Total Fees and Costs Requested:** | **$35,622.83** |

**Attorneys' Fees:**

| | |
|---|---|
| Total Requested: | $34,713.18 |
| Reduction for Rate Adjustments: | ($132.40) |
| Reduction for Unnecessary Time | ($1,000.00) |
| 5 % Reduction: | ($1,679.04) |
| **Total Awarded:** | **$31,901.74** |

**Attorneys' Costs:**

| | |
|---|---|
| Total Requested: | $902.65 |
| Reduction | ($0.00) |
| **Total Awarded:** | **$902.65** |

**Petitioners' Costs:**

| | |
|---|---|
| Total Requested: | $7.00 |
| Reduction: | ($0.00) |
| **Total Awarded:** | **$7.00** |

**Accordingly, the undersigned awards $32,811.39 in fees and costs as follows:**

1.  **$32,804.39 in attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' attorney, Clifford John Shoemaker; and**

2.  **$7.00 in petitioners' costs, in the form of a check payable to petitioners.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court shall enter judgment in accordance herewith.[13]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[13] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.